# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS MERRIDA,

      Plaintiff,

    v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.

CASE NO. 1:06-CV-00502 OWW LJO P

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT SCRIBNER FROM ACTION

(Docs. 1 and 12)

I.    Findings and Recommendations Following Screening of Complaint

    A.    Procedural History

Plaintiff Dennis Merrida ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 6, 2006. Plaintiff is seeking money damages against defendants Warden A. K. Scribner and Correctional Officer Hogeine for violating his rights under the Eighth Amendment.[1] The events giving rise to plaintiff's claims allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time.

On October 11, 2006, the court issued an order finding that plaintiff's complaint states a claim against defendant Hogeine under section 1983 for violating plaintiff's rights under the Eighth Amendment, but does not state a claim upon which relief may be granted under section 1983 against

---

[1] Plaintiff also prays from the termination of defendant Hogeine's employment. However, the court cannot award this form of relief to plaintiff. 18 U.S.C. § 3626(a)(1)(A). Therefore, this action shall be treated as one for damages only.

1

defendant Scribner. The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against defendant Hogeine. On October 25, 2006, plaintiff notified the court that he does not intend to file an amended complaint, and is willing to proceed only against defendant Hogeine. Accordingly, based on plaintiff's notice, this Findings and Recommendation now issues.

B.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

   C. Plaintiff's Eighth Amendment Claim

Plaintiff alleges that on April 21, 2005, defendant Hogeine took a quart of hot water from him and intentionally threw it on him, severely burning his calf. Plaintiff alleges that defendant Scribner is responsible for enforcing departmental policies that protect inmates and staff.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

Plaintiff's allegations are sufficient to state a claim against defendant Hogeine for intentionally burning him with hot water. Fed. R. Civ. P. 8(a). However, plaintiff has not alleged facts sufficient to give rise to a claim for relief against defendant Scribner. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See

///

3

1  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
2  1978), cert. denied, 442 U.S. 941 (1979).
3        To state a claim for relief against defendant Scribner under section 1983 based on supervisory
4  liability, plaintiff must allege some facts indicating that the defendant either: personally participated
5  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
6  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
7  of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black,
8  885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045
9  (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to
10 support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163,
11 168 (1993).

12     D.    Conclusion

13     Plaintiff's complaint states a claim for relief under section 1983 against defendant Hogeine
14 for violation of the Eighth Amendment.  However, plaintiff's complaint does not state a claim
15 against defendant Scribner.  Plaintiff was provided with the opportunity to file an amended
16 complaint but opted to proceed only against defendant Hogeine.  Accordingly, it is HEREBY
17 RECOMMENDED that:

18     1.    This action proceed on plaintiff's complaint, filed March 6, 2006, against defendant
19         Hogeine under section 1983 for violating plaintiff's rights under the Eighth
20         Amendment; and
21     2.    Defendant Scribner be dismissed from this action based on plaintiff's failure to state
22         a claim upon which relief may be granted against him under section 1983.

23     These Findings and Recommendations will be submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
25 **days** after being served with these Findings and Recommendations, plaintiff may file written
26 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
27 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
28 ///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 26, 2006**                             /s/ Lawrence J. O'Neill
b9ed48                                                    UNITED STATES MAGISTRATE JUDGE