**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MERRIDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00502-OWW-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED, AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST<br><br>(Doc. 20) |

I.   Findings and Recommendations Addressing Defendant's Motion to Dismiss

　　A.   Procedural History

Plaintiff Dennis Merrida ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 6, 2006, against defendant Holguin[1] ("defendant") for violating plaintiff's Eighth Amendment rights by intentionally burning plaintiff with hot water. On March 22, 2007, defendant filed a motion to dismiss for failure to exhaust. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on May 1, 2007.[2]

///

///

---

[1] Identified as Hogeine in the complaint.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 8, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 17.)

1

B. <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the

informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. Defendant argues that he is entitled to dismissal because plaintiff failed to exhaust the inmate appeals process prior to filing suit. In support of his motion, defendant submits evidence that after receiving a second level response, plaintiff failed to pursue his appeal to the third and final level of review. (Doc. 20, Castillo Dec. ¶6; Grannis Dec., ¶¶9, 10.)

Defendant has met his burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies.

In his complaint, plaintiff alleges that he did not send his appeal to the Director's Level of review because the appeal was partially granted.[3] (Doc. 1, pg. 2.) In his unverified opposition, plaintiff argues that the available administrative remedies were exhausted by filing a State Board of Control claim, and because his inmate appeal requesting an investigation was granted when his appeal went to the second level of review. (Doc. 23, 1:21-27.) Plaintiff also argues that his witnesses were intimidated and the environment is very hostile, causing inmates to fear proceeding. (Id., 1:28-2:3).

"[Proper] exhaustion of administrative remedies is necessary," Woodford, 126 S.Ct. at 2382, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 2386. Further, "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).

Plaintiff filed an inmate appeal grieving the incident at issue in this action, during which defendant allegedly poured hot water on plaintiff. (Doc. 1, court record pgs. 5-6; Doc. 20, pgs. 6-

---

[3] Plaintiff's verified complaint constitutes an opposing affidavit. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

7.) The appeal was partially granted at the first formal level of review and denied at the second level of review. (Id.) Plaintiff did not pursue the appeal to the third and final level of review. Plaintiff's argument that he did not need to proceed any further because the appeal was partially granted at the first level is without merit. By necessity, an appeal that is only partially granted is also partially denied. Further, plaintiff did pursue his appeal to the next level of review, thereby belying any argument that there was no further relief available and he was satisfied by the process. Plaintiff's appeal was then denied at the second level of review. Plaintiff was required to pursue his appeal to the final level of review before filing suit in this court, but failed to do so. Accordingly, plaintiff failed to exhaust.

Plaintiff's other argument that his Board of Control claim satisfies the exhaustion requirement is without merit. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Compliance with the state's Tort Claims Act does not satisfy the federal exhaustion requirement set forth in section 1997e(a). Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201; Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (holding that exhaustion of administrative remedies not required if a prisoner's section 1983 claim seeks only money damages and the grievance process does not allow for such an award overruled in part by Booth, 532 U.S. 731).

D.   Conclusion

Plaintiff did not pursue his appeal to the third and final level of review, and therefore failed to exhaust the available administrative remedies. Accordingly, the court HEREBY RECOMMENDS that defendant's motion to dismiss for failure to exhaust, filed March 22, 2007, be GRANTED, and this action be dismissed, without prejudice, based on plaintiff's failure to

1  exhaust.

2      These Findings and Recommendations will be submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
4  **thirty (30) days** after being served with these Findings and Recommendations, the parties may
5  file written objections with the court.  The document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9      IT IS SO ORDERED.

10      Dated: **May 23, 2007**      /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE